■ In the Matter of LAURA BARNYCH, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND, et al., Respondents. [766 NYS2d 357] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees of the New York City Fire Department, Article I-B Pension Fund, dated February 20, 2001, which denied the petitioner's application for a line-of-duty widow's pension, the petitioner appeals from so much of a judgment of the Supreme Court, Kings County (Jackson, J.), entered November 16, 2001, as denied the petition to the extent that it sought to annul the determination, and dismissed the proceeding.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is granted to the extent that it sought to annul the determination of the Board of Trustees of the New York City Fire Department, Article I-B Pension Fund, and the matter is remitted to the Board of Trust-

ees of the New York City Fire Department, Article I-B Pension Fund, for further proceedings in accordance herewith.

The petitioner is the widow of a former firefighter who died from complications associated with brain cancer. Following her husband's death, the petitioner applied to the respondent Board of Trustees of the New York City Fire Department, Article I-B Pension Fund (hereinafter the Board of Trustees), for a line-of-duty pension upon the ground that her husband's cancer presumptively had been caused by the performance of his firefighting duties, pursuant to General Municipal Law § 207-kk. At the time the petitioner filed her application, that section provided that "any condition of cancer affecting the lymphatic, digestive, hematological, urinary or prostate systems" incurred by a New York City firefighter who successfully passed a physical examination on entry into the service of the department "shall be presumptive evidence that it was incurred in the performance and discharge of duty." After the Board of Trustees, based upon a determination of the Medical Board of the Fire Pension Fund (hereinafter the Medical Board), denied the petitioner's application, the petitioner commenced the instant proceeding pursuant to CPLR article 78, inter alia, to review the determination of the Board of Trustees. In a judgment dated November 16, 2001, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.

While the instant appeal was pending, General Municipal Law § 207-kk was amended to add certain types of cancer, namely cancers affecting the "neurological, breast, [and] reproductive" systems, to those which presumptively are incurred in the performance and discharge of duty. Moreover, the law provides that the amendment "shall be deemed to have been in full force and effect on and after June 30, 1999." In a letter dated September 19, 2003, the office of Corporation Counsel for the City of New York conceded that General Municipal Law § 207-kk, as amended, "retroactively covers this case." In light of the amendment to the statute and the concession by the Corporation Counsel, we grant the petition to the extent that it sought to annul the determination of the Board of Trustees and remit the matter to the Board of Trustees for further consideration of the petitioner's application.

In light of our determination, we need not address the contentions raised by the petitioner in her brief. Feuerstein, J.P., Friedmann, McGinity and Schmidt, JJ., concur.